BLD-139                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4720
_____

HUBERT JACKSON,
                              Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT SOMERSET SCI; GERALD BIGLEY, is sued in his individual
and official capacity as Judge; JOSEPH M. JAMES, is sued in his individual and official
capacity as Judge; DONNA JO MCDANIEL, is sued in her individual and official
capacity as Judge; W. TERRENCE O'BRIEN, is sued in his individual and official
capacity as Judge

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-01301)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: March 30, 2015)
_____

OPINION*
_____

PER CURIAM

Hubert Jackson appeals pro se from an order of the United States District Court for the Western District of Pennsylvania sua sponte dismissing his civil rights complaint for failure to state a claim. For the following reasons, we will summarily affirm.

In September 2013, Jackson filed a complaint under 42 U.S.C. § 1983, alleging that no sentencing orders exist for his state court convictions. A Magistrate Judge recommended that the complaint be dismissed sua sponte, without leave to amend, under the Prison Litigation Reform Act for failure to state a claim. In particular, the Magistrate Judge concluded that Jackson's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), the applicable statute of limitations, and absolute judicial immunity. Over Jackson's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaint with prejudice under 28 U.S.C. § 1915A. Jackson appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review of the District Court's sua sponte dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6). Id. In order to survive dismissal under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Jackson's cause of action is based on the alleged absence of sentencing orders for several convictions. He claims that he learned that the orders were "non-existent" when the Department of Corrections responded to his Right-to-Know Law request by providing him with "seven void commitment forms rather than seven lawful court Sentencing Orders." Notably, though, the docket reports for the criminal cases listed in the complaint evidence Jackson's convictions, and he does not dispute that he pleaded guilty and was properly sentenced in those cases. Under these circumstances, we conclude that Jackson's claim concerning the alleged absence of sentencing orders does not state a claim to relief that it plausible on its face. Cf. Joseph v. Glunt, 96 A.3d 365, 372 (Pa. Super. Ct. 2014) (stating that "the trial court correctly concluded that, even in the absence of a written sentencing order, the [Department of Corrections] had continuing authority to detain [Petitioner]."). Accordingly, we will summarily affirm the District Court's judgment.[1] See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[1] Jackson's motions for intervention by Chief Judge McKee, his motion to challenge appellate jurisdiction, his motion for recusal, his motion to stop deductions of the filing fee, and his motion to remand are denied.