**\*AMENDED DLD-297**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2747
_____

In re: HUBERT JACKSON,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 2-13-CV-01301)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 23, 2016

Before:  CHAGARES, GREENAWAY, JR., and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 22, 2016)
_____

OPINION*
_____

PER CURIAM

Hubert Jackson is a Pennsylvania prisoner proceeding pro se.  In September 2013,

Jackson filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court

for the Western District of Pennsylvania alleging that the Court of Common Pleas judges

presiding over his criminal cases failed to file valid sentencing orders.  The District Court

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reviewed the complaint under the Prison Litigation Reform Act (PLRA) and dismissed it for failure to state a claim. See 28 U.S.C. § 1915A. Upon review, this Court affirmed the District Court's judgment. Jackson v. Sec'y Pa. Dep't of Corr., 598 F. App'x 815 (3d Cir. 2015) (per curiam) (not precedential).

On June 2, 2016, Jackson filed this petition for a writ of mandamus. He claims that the District Court erred in screening his complaint under the PLRA because he is not a "prisoner" within the meaning of that statute; according to Jackson, he is not a "prisoner" because his state-court sentencing orders are invalid. On this basis, Jackson seeks a writ of mandamus compelling the District Court to reinstate his civil rights complaint.

We will deny the petition. Mandamus is an extraordinary remedy that we grant only when the petitioner has a "clear and indisputable" right to relief and "no other adequate means" to obtain it. In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006); see also In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). It is not a substitute for an appeal. Westinghouse Elec. Corp. v. Republic of Phil., 951 F.2d 1414, 1422 (3d Cir. 1991). We have already affirmed the District Court's order dismissing Jackson's civil rights complaint. He may not obtain further review of that order by way of mandamus.[1]

---

[1] To the extent that Jackson also seeks to compel the Pennsylvania courts to "substantiate" his convictions and sentences, we do not have jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that the district court "was without power to compel the Orphans' Court [of Delaware County, Pennsylvania] to act in this matter"); 19 George C. Pratt, Moore's Federal Practice § 204.01[3][b] (3d ed. 2011) ("The circuit courts lack jurisdiction to issue a writ

Accordingly, we will deny the petition for writ of mandamus.[2]

---

of mandamus to a state court.").

[2] The "Motion to Stop the Impediment of Petitioner's Pursuit of His Nonfrivolous Legal Claim" is also denied. The Clerk's June 13, 2016 letter was sent to counsel for the Commonwealth defendants. To the extent that Jackson complains that the District Judge was not ordered to respond to his petition, a response was not necessary for our disposition. See Fed. R. App. P. 21(b)(1), (4).