**\*AMENDED BLD-052**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4100
_____

IN RE:  HUBERT JACKSON,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:13-cv-01301)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 22, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Filed: January 4, 2017)
_____

OPINION*
_____

PER CURIAM

Pennsylvania state prisoner Hubert Jackson, proceeding pro se, has filed a petition

for a writ of mandamus that concerns a 2013 in forma pauperis ("IFP") order issued by a

United States Magistrate Judge.  For the reasons that follow, we will deny the petition.

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

A prisoner who brings a civil action IFP is "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). After the prisoner pays an "initial partial filing fee," he is required to "make monthly payments of 20 percent of the preceding month's *income* credited to [his] account." 28 U.S.C. § 1915(b)(2) (emphasis added).

In November 2013, United States Magistrate Judge Cynthia Reed Eddy granted Jackson permission to proceed IFP in a prisoner civil rights action that he filed in the United States District Court for the Western District of Pennsylvania. In highlighting Jackson's obligation under § 1915(b)(2), Magistrate Judge Eddy's IFP order used the word "deposits" instead of "income." Jackson did not appeal that order to the presiding District Judge.[1]

More than two years later, in February 2016, Jackson filed a "Motion for Clarification" in the District Court. That motion appeared to take issue with Magistrate Judge Eddy's use of the word "deposits" in her IFP order. Later that month, Magistrate Judge Eddy denied that motion in a text-only order, stating that the motion was untimely and without merit. As before, Jackson did not appeal to the District Judge.

Jackson now brings this mandamus petition, arguing that the IFP order's use of the word "deposits" has caused the Pennsylvania Department of Corrections ("the DOC") to deduct certain money — specifically, money that he receives from family and friends, as

---

[1] Jackson could have filed such an appeal pursuant to 28 U.S.C. § 636(b)(1).

2

well as the "gratuitous payment" that he receives for his work in prison — that does not qualify as "income." Jackson asks us to direct Magistrate Judge Eddy to (1) stop the DOC from deducting money that is not "income," and (2) refund the $350 filing fee for his District Court action (and the filing fee for some unspecified appeal).

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Those circumstances are not present in this case. Jackson's challenge to the wording of Magistrate Judge Eddy's IFP order could have been raised in an appeal to the District Judge. Jackson also could have appealed Magistrate Judge Eddy's denial of his "Motion for Clarification." Because that relief was available, a writ of mandamus is not warranted here. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal"). Accordingly, we will deny Jackson's petition, as well as his "Motion for a Decision" and his "Motion for Intervention by the Chief Judge."[2]

---

[2] Although we do not reach the merits of Jackson's challenge to the IFP order, we note that it appears he suffered no prejudice from that order's use of the word "deposits" instead of "income." See, e.g., Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003) (explaining that the term "income" in § 1915(b)(2) means "all deposits to the prisoner's inmate account"); Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998) (same).