**\*AMENDED BLD-185**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1565
_____

IN RE:  HUBERT JACKSON,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:13-cv-01301)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 6, 2017

Before:  AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

Pennsylvania state prisoner Hubert Jackson, proceeding pro se, seeks a writ of

mandamus in connection with a 2013 in forma pauperis ("IFP") order issued by a United

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

States Magistrate Judge and a 2014 IFP order issued by our Clerk. For the reasons that follow, we will deny Jackson's petition.[1]

I.

A prisoner who brings a civil action IFP is "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). After the prisoner pays an "initial partial filing fee," he is required to "make monthly payments of 20 percent of the preceding month's *income* credited to [his] account." 28 U.S.C. § 1915(b)(2) (emphasis added).

In November 2013, United States Magistrate Judge Cynthia Reed Eddy granted Jackson permission to proceed IFP in a prisoner civil rights action that he filed in the United States District Court for the Western District of Pennsylvania. In highlighting Jackson's obligation under § 1915(b)(2), Magistrate Judge Eddy's IFP order used the word "deposits" instead of "income." Jackson did not appeal that order to the presiding District Judge.[2]

More than two years later, in February 2016, Jackson filed a "Motion for Clarification" in the District Court. That motion appeared to take issue with Magistrate Judge Eddy's use of the word "deposits" in her IFP order. Later that month, Magistrate Judge Eddy denied that motion in a text-only order, stating that the motion was untimely and without merit. As before, Jackson did not appeal to the District Judge.

---

[1] Jackson's "Motion to Order Respondent's Attorney to Answer" is denied. See Fed. R. App. P. 21(b)(1) (providing that a court may deny a mandamus petition without an answer).

In November 2016, Jackson filed a pro se mandamus petition in this Court, arguing that Magistrate Judge Eddy's IFP order's use of the word "deposits" has caused the Pennsylvania Department of Corrections ("the DOC") to deduct certain money — specifically, money that he receives from family and friends, as well as the "gratuitous payment" that he receives for his work in prison — that does not qualify as "income." Jackson asked us to direct Magistrate Judge Eddy to (1) stop the DOC from deducting money that is not "income," and (2) refund the $350 filing fee for his District Court action (and the filing fee for some unspecified appeal). In January 2017, we denied Jackson's petition, explaining that mandamus relief was not warranted because "[his] challenge to the wording of Magistrate Judge Eddy's IFP order could have been raised in an appeal to the District Judge," and because "Jackson also could have appealed Magistrate Judge Eddy's denial of his 'Motion for Clarification.'" In re Jackson, --- F. App'x ----, No. 16-4100, 2017 WL 35720, at *1 (3d Cir. Jan. 4, 2017) (per curiam).[3]

Jackson has now filed a second pro se mandamus petition in this Court. As before, he seeks to challenge Magistrate Judge Eddy's IFP order. He also takes issue with a July 2014 order issued by our Clerk in a pro se appeal that he litigated. That

---

[2] Jackson could have filed such an appeal pursuant to 28 U.S.C. § 636(b)(1).

[3] Although we did not reach the merits of Jackson's challenge to Magistrate Judge Eddy's IFP order, we noted that "it appears he suffered no prejudice from that order's use of the word 'deposits' instead of 'income.'" Jackson, 2017 WL 35720, at *1 n.2 (citing decisions from our sister courts for the proposition that all "deposits" to a prisoner's inmate account fall within the meaning of the term "income" in § 1915(b)(2)).

Clerk's order granted Jackson IFP status for his appeal and directed the DOC to withdraw "20% of the preceding month's income credited to [his] account until [his filing] fees [for the appeal] are paid." (Clerk's Order entered July 14, 2014, in C.A. No. 13-4720.) Jackson asks us to issue a writ of mandamus "to review and revise" these two orders.

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

In our January 2017 opinion, we explained that Jackson's challenge to Magistrate Judge Eddy's IFP order did not entitle him to mandamus relief because he could have raised that challenge in an appeal. See Jackson, 2017 WL 35720, at *1; see also Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal"). Nothing warrants disturbing that analysis, and we apply it here to the extent that Jackson once again seeks mandamus relief in connection with that IFP order. To the extent that he challenges our Clerk's July 2014 IFP order, that challenge does not entitle him to mandamus relief either because he

4

had other, adequate means of raising that challenge. Specifically, he could have presented that challenge to us in the appeal in which that IFP order was issued.[4]

In light of the above, we will deny Jackson's mandamus petition.

---

[4] Although it appears that Jackson did not specifically challenge the Clerk's IFP order in that appeal, he did file a "Motion to Stop the Illegal Deductions of the Filing Fee" in that case. We denied that motion. See Jackson v. Sec'y Pa. Dep't of Corr., 598 F. App'x 815, 816 n.1 (3d Cir. 2015) (per curiam).